IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| SERENA BUSH,<br>3235 Shelter Cove Court<br>Suffolk, VA 23435<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>NANSEMOND-SUFFOLK ACADEMY<br>ASSOCIATION,<br>3373 Pruden Blvd.<br>Suffolk, VA 23434<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>) Case No.: 2:22-cv-454<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff Serena Bush hereinafter "Plaintiff"), by and through undersigned counsel, and files this her *Complaint* for damages against Nansemond-Suffolk Academy Association (hereinafter "Defendant") and for cause would show unto the Court the following:

**PARTIES**

1. Defendant is the employer in this matter.

2. Plaintiff is resident of the Commonwealth of Virginia and currently resides at 3235 Shelter Cover Court.

3. At all times relevant to this action, Plaintiff was an "employee" as defined under Title VII, 42 U.S.C. § 2000e(f).

4. At all times relevant to this action, the Defendant is an employer as defined under Title VII, 42 U.S.C. § 2000e(b).

5. Defendant is a private business that operates within the state

## JURSIDCITION AND VENUE

6. This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3) and 42 U.S.C. Section 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

7. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391 because the Defendant is located within the district and a substantial part of the events and omissions giving rise to this claim occurred within this judicial district.

8. The unlawful employment practices alleged in this Complaint were committed within the Commonwealth of Virginia.

9. The Defendant at all times operated business within the Commonwealth of Virginia therefore venue is proper pursuant to 28 U.S.C. Section 1391 and 42 U.S.C. § 2000e-5(f).

## ADMINISTRATIVE REMEDIES

10. Within 300 days of the alleged illegal action of the Defendant, Plaintiff timely filed a charge of discrimination and harassment with the Equal Employment Opportunity Commission ("EEOC") on or about July 25, 2022. (EEO Charge Number 437-2022-01166)

11. Plaintiff received her Dismissal and Notice of Rights-to-Sue on August 1, 2022.

12. Plaintiff filed this Complaint within ninety (90) days of receipt of said notice.

## FACTUAL ALLEGATIONS

13. Plaintiff began employment with Defendant in August 2014 in the Center of Academic Excellence.

14. In June 2020, Plaintiff was named the Director of Diversity, Equity, and Inclusion for Defendant because she was the only black administrator.

15. Defendant was provided no job description, nor was she provided any guidance on what the position required.

16. In July 2020, Plaintiff resigned from her position as the Director of Diversity, Equity, and inclusion.

17. Plaintiff noted that the position had become too stressful amid the pandemic and racial unrest within the community.

18. Further, she noted that Defendant was not taking any action to support her in her role.

19. In August 2021, Plaintiff opposed and decline to participate in refusing a black kindergartener enrollment on the first day of school.

20. Specifically, Plaintiff voiced concerns that the decision to deny the student enrollment after the student had been admitted based on unfounded claims of fraudulent educational testing was discriminatory.

21. Further, Plaintiff refused to meet with the student and family members because Plaintiff's superiors only wanted her to meet with the student and family because she is black as well.

22. Plaintiff did not want to be used as a pawn in Defendant's discriminatory conduct.

23. When Plaintiff refused to meet with the family, her supervisor, Debbie Russell, that she would be dealt with later.

24. In September 2021, Plaintiff complained to her supervisor that modules being presented in the professional development courses by Defendant were discriminatory against children of color.

25. Specifically, the modules presented children of color as poor, inferior, and in need of remediation when compared to white children.

26. Rather than work with Plaintiff to remedy the problem, Plaintiff was forced to justify her dissent of the module publicly in the presence of five white coworkers.

27. In March 2022, Plaintiff met with the Board of Trustees to complain about the discriminatory conduct that she has observed by Defendant.

28. Throughout the 2021-22 school year, various incidents of retaliation occurred, including lack of communication Plaintiff needed to complete here tasks, denial of opportunities to participate in professional development, and providing Plaintiff would incorrect information about the time and location for meetings.

29. Plaintiff complained about the black Kindergarten student who had been discriminated against at enrollment.

30. Plaintiff complained that the professionally development training modules were demeaning and offensive that depicted students of color as poor and inferior.

31. Plaintiff complained that Defendant as a whole put undue stress and pressure on black and brown students to perform and that they are prejudiced when compared to white students.

32. Rather than intervene, the Board of Trustees refused to act to help resolved Plaintiff's concerns.

33. Instead, the Board of Trustees suggested that Plaintiff spoke "gently" with her supervisor in order to not make things worse.

34. In June 2022, Plaintiff was presented with the options to either sign a performance improvement plan or a severance agreement.

35. Performance improvement plans are not typically presented with a severance and confidentially agreement.

36. Plaintiff was advised by her supervisor that she should accept the severance and confidentiality agreement.

37. Plaintiff refused to accept either offer.

38. On July 25, 2022, Plaintiff was discharged from her position.

## COUNT I: Retaliation

39. Plaintiff hereby incorporates by reference each of the foregoing allegations as if stated fully herein further alleges and states as follows:

40. Plaintiff has exhausted his administrative remedies.

41. Plaintiff participated in a protected activity.

42. Specifically, opposed and refused to participate in discriminatory conduct against black kindergartner.

43. She further complaint of discriminatory modules being presented in her professional development courses.

44. Plaintiff complained of the discriminatory to her supervisor and the Board of Trustees.

45. Various incidents of retaliation occurred during the school year after Plaintiff repeated complaints, including lack of communication Plaintiff needed to complete here tasks,

denial of opportunities to participate in professional development, and providing Plaintiff would incorrect information about the time and location for meetings.

46. Additionally, after Plaintiff's repeated complaints, Plaintiff was offered to either to be placed on a performance improvement plan or sign a severance and confidentiality agreement.

47. After Plaintiff declined either offer, Plaintiff was discharged from her position.

48. Defendant's decision to discharge Plaintiff occurred shortly after Plaintiff complained to the Board of Trustees and is therefore connected to Plaintiff's participation in a protected activity.

49. Defendant is liable to Plaintiff for retaliation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

a. Compensatory damages to be determined by the trier of fact.

b. Nominal damages to be determined by the trier of fact.

c. Punitive damages to be determined by the trier of fact.

d. Declaratory and injunctive relief.

e. That relief, which is fair, just, and equitable under the circumstances of this case.

JURY TRIAL DEMANDED

Respectfully submitted,

*/s/ Alexander L. Taylor, Jr.*
Alexander L. Taylor, Jr., Esq. (VSB No. 29292)
**ALEX TAYLOR LAW, PC**
1622 West Main Street

Richmond, Virginia 23220
Telephone: (804) 239-9232
Fax: (866) 466-6167
Email: <u>alextaylor@alextaylorlaw.com</u>

***Counsel for Plaintiff***